EZRA B. WELCH & others *vs.* WASHINGTON MERRILL.

In an action for the price of goods delivered to a third person on the alleged credit of the defendant, the plaintiff cannot give in evidence his previous direction to his servant to refuse a further credit to that person.

ACTION OF CONTRACT for the price of meat delivered to Michael Comody on the credit of the defendant.

At the trial in the court of common pleas, before *Bishop*, J., Amos Bailey testified that while in the employ of the plaintiffs in 1853 he sold meat to Comody a few times, and was then directed by the plaintiffs not to trust him; that on the 4th of July the defendant asked him to let Comody have meat and that he would see that it was paid for; that he subsequently furnished meat to Comody on the expectation that the defendant would pay for it; that Comody never paid him anything after said 4th of July, and that he had never called on Comody for pay.

Daniel Morse, one of the plaintiffs, testified that Comody had meat till the 4th of July; that he made out Comody's bill till the 1st of July and sent it over by Bailey. The plaintiffs then asked what directions the witness gave Bailey. To this the defendant objected. But the objection was overruled; and the witness answered that he directed Bailey not to let Comody have any more meat if he did not pay that bill. The witness then further testified that subsequently he had an interview with the defendant, who requested him to let Comody have meat and he would see the witness paid; that he let Comody have the meat, expecting the defendant to pay for it; and that he did not call on Comody to pay for any meat furnished after the 4th of July The verdict being for the plaintiffs, the defendant excepted.

*N. W. Harmon*, for the defendant.

*N. S. Howe*, for the plaintiffs.

BIGELOW, J. The testimony of one of the plaintiffs as to the direction given to his servant to refuse a further credit to the person to whom the meat was furnished was incompetent. It

was *res inter alios,* and had no legitimate bearing on the issue before the jury. The question was not as to the direction given by the plaintiff to his servant concerning the credit, but to whom was the credit actually given. A similar point was raised in *Nutting* v. *Page,* 4 Gray, 584, and it was there held that such evidence was inadmissible. *Exceptions sustained.*